The STATE of Ohio, Appellee,

v.

MOINE, Appellant.

[Cite as *State v. Moine* (1991), 72 Ohio App.3d 584.]

Court of Appeals of Ohio,
Medina County.

No. 1921.

Decided Feb. 20, 1991.

*John J. Lohn,* Prosecuting Attorney, for appellee.
*Robert G. Schultz,* for appellant.

CACIOPPO, Judge.

On January 7, 1990, appellant, Peggy Moine, was arrested and charged with driving while under the influence, in violation of R.C. 4511.19(A)(1), and driving with a prohibited blood alcohol content, in violation of R.C. 4511.-19(A)(3). The charge of driving with a prohibited blood alcohol content was dismissed by the state.

Moine was convicted of the driving while under the influence charge after a jury trial. Moine appeals, asserting five assignments of error.

### Assignment of Error I

"The court erred in instructing the jury that the definition of 'under the influence of alcohol' does not require the proof of a chemical test of any particular concentration of alcohol in the defendant's blood, breath, or urine."

█ In this assignment of error, Moine asserts that the trial court's definition of "under the influence of alcohol" in its jury instructions was improper. In providing the instructions to the jury, the trial court stated:

" 'Under the influence of alcohol' means that the defendant consumed some alcohol, whether mild or potent, in such a quantity, whether small or great, that it adversely affected and appreciably impaired the defendant's actions, reactions, or mental process under the circumstances then existing and deprived her of that clearness of the intellect and control of herself which she would otherwise have possessed. The question is not how much alcohol would affect an ordinary person. The question is what effect did any alcohol consumed by the defendant have on her at the time and place involved. The amount of alcohol in the defendant's body is not the question. It is the effect of whatever alcohol was present that is the question. If the consumption of alcohol so affected the nervous system, brain, or muscles of the defendant so as to impair, to an appreciable degree, her ability to operate the vehicle, then the defendant was under the influence of alcohol.

" 'Appreciable' means something is not [sic] noticeable or perceptible. Appreciable is not to be confused with substantial.

"The definition of 'under the influence of alcohol' does not require the proof by a chemical test of any particular concentration of alcohol in the defendant's blood, breath, or urine."

The words "under the influence of intoxicating liquor" have been interpreted to mean that the accused must have consumed some intoxicating beverage in such quantity that it affected his actions, reactions, conduct, movements, or mental processes in such a manner as to deprive the accused of that clearness of intellect and control of himself which he otherwise would have possessed under the circumstances then existing. *State v. Titak* (1955), 75 Ohio Law Abs. 430, 144 N.E.2d 255. While this assignment of error concerns the definition of "under the influence of alcohol," the aforementioned definition provided in *Titak* provides considerable guidance.

Under the circumstances present in the case at bar, we find Moine's first assignment of error to lack merit. The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in a case prosecuted under R.C. 4511.19(A)(1). *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 104, 532 N.E.2d 130, 134. It is the behavior of the accused that is

critical in a case prosecuted under R.C. 4511.19(A)(1), and the results of chemical testing of bodily substances are only of secondary interest. *Id.* As such, we cannot conclude that the jury instruction at issue in this assignment of error was improper or prejudicial to Moine.

The first assignment of error is overruled.

### Assignments of Error

"II. The court erred in refusing to charge the jury on the issue of voluntariness, culpable mental state, and in failing to instruct the jury as requested that when a person commits an act while unconscious, that act is not a criminal offense even though it would be a crime if the act were the product of a person's will.

"III. The court and the prosecutor erroneously hampered the defendant's closing argument by precluding any argument on the fact that the defendant's acts were involuntary and thus those acts done while unconscious from causes other than alcohol would not be criminal."

■ It is well established that R.C. 4511.19(A)(1) imposes strict liability. *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 22 OBR 351, 352, 490 N.E.2d 574, 575; *State v. Grimsley* (1982), 3 Ohio App.3d 265, 267, 3 OBR 308, 310, 444 N.E.2d 1071, 1074. Because R.C. 4511.19(A)(1) does not specify any degree of culpability, the question becomes whether it "plainly indicates a purpose to impose strict criminal liability for the conduct described in such section." R.C. 2901.21(B). The language of R.C. 4511.19(A)(1) clearly indicates a purpose to impose strict liability, because the overall design of the statute is to protect against hazards to life, limb and property created by drivers who have consumed so much alcohol that their faculties are impaired. *Grimsley, supra,* at 267, 3 OBR at 310, 444 N.E.2d at 1074. The act of driving a vehicle while under the influence of alcohol (or drugs, or a combination of both) is a voluntary act in the eyes of the law, and the duty to refrain from doing so is one that in the interests of public safety must be enforced by strict criminal liability without the necessity of proving a culpable state of mind. *Id.* at 268, 3 OBR at 312, 444 N.E.2d at 1075. A review of the statute discloses that the legislature has defined the offense in terms of the factual presence of an alcoholic influence, without reference to the offender's mental state. *Id.* at 267, 3 OBR at 310, 444 N.E.2d at 1074.

Based upon these principles, this court cannot conclude that the trial court's refusal to give jury instructions concerning culpability and limiting the appellant's argument to preclude the discussion of involuntariness and unconsciousness were improper.

The second and third assignments of error are overruled.

## Assignment of Error IV

"The court erred in admitting state's exhibit one into evidence."

In this assignment of error, Moine asserts that the trial court improperly admitted an alcohol influence report form offered by the state.

Evidentiary rulings are within the broad discretion of the trial court and will be the basis for reversal on appeal only on abuse of that discretion which amounts to prejudicial error. *State v. Graham* (1979), 58 Ohio St.2d 350, 352, 12 O.O.3d 317, 318, 390 N.E.2d 805, 807. We have reviewed the document in question, and conclude that the information contained therein merely duplicated information provided by the arresting officer. As such, Moine has failed to demonstrate prejudice as a result of the admission of the form, thus foreclosing a finding of an abuse of discretion.

The fourth assignment of error is overruled.

## Assignment of Error V

"The conditions for probation set by the court in its so-called sentencing journal of April 27, 1990 are illegal, unenforceable and prejudicial."

R.C. 2951.02(C) guides a trial judge in setting conditions for an offender's probation. *State v. Dennis* (Apr. 1, 1987), Summit App. No. 12751, unreported, 1987 WL 9343. In addition to mandatory conditions requiring the offender to not leave the state without the requisite permission and to abide by the law, R.C. 2951.02(C) permits the trial court to impose additional conditions which are "in the interests of doing justice, rehabilitating the offender, and insuring * * * [the offender's] good behavior." *Id.*

The probation conditions placed upon Moine are:

"a. No operating under the influence of alcohol arrests;

"b. No driving under suspension of operator's license arrests;

"c. If arrested for operating a vehicle under the influence of alcohol, the defendant shall *not* refuse to submit to a chemical test of his/her blood, breath, or urine.

"d. Defendant shall not have a test result that is greater or equal to the Ohio statutory limits set by O.R.C. 4511.19;

"e. Pay fine and costs as ordered;

"f. Assessment and treatment at CDC/Glenbeigh w/in 20 days."

A condition of probation has been found to be invalid if it:

" * * * (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or

does not serve the statutory ends of probation * * *." *State v. Livingston* (1976), 53 Ohio App.2d 195, 197, 7 O.O.3d 258, 259, 372 N.E.2d 1335, 1337.

Under these principles, this court has no objection to conditions c through f. Conditions a and b, however, are unreasonable. A court's discretion in dictating conditions of probation is not limitless. *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 109, 519 N.E.2d 860, 862. Mere arrest does not constitute a violation of probation. *Pennsylvania v. Warren* (1977), 250 Pa.Super. 522, 528, 378 A.2d 1271, 1274. Conditions a and b in the case at bar equate "arrest" with "conviction," and as such are unreasonable and must be stricken from the conditions or modified.

The judgment of the trial court convicting appellant is affirmed. The case is remanded for a modification of the terms of probation consistent with this opinion.

*Judgment accordingly.*

QUILLIN, P.J., and BAIRD, J., concur.