A jury found defendant Homer Horvath guilty of driving while intoxicated, a violation of R.C. 4511.19.
The complaining witness testified that he had been attending an outdoor party at his brother's house. The brother lived next door to an apartment building where defendant lived. During the course of the party, the complaining witness saw defendant and a friend talking loudly and slurring their words. They walked to front of a van parked very near to where the complaining witness parked his car and relieved themselves, much to the surprise of the partygoers. Defendant and his companion entered the van. The two spent three minutes trying to start the van. When they finally did start the van, they began to back down the driveway. It became clear to the complaining witness that defendant was going to strike his car. The complaining witness and other partygoers began yelling for defendant to stop. Defendant did not listen, even though the windows of the van were open. Defendant struck the complaining witness' car and locked bumpers.
The complaining witness instructed his mother to call the police. It turns out the complaining witness' brother was a police officer. The brother identified himself as an officer and, as defendant tried to rock the van free from the car, told defendant to stop. When defendant failed to comply, the brother reached into the van, shifted the van into park and turned off the ignition. Defendant and his friend stumbled out of the van and the partygoers held them while waiting for the police to arrive.
The officer who responded to the scene testified that defendant and his friend were obviously intoxicated. They smelled of alcohol, had trouble walking and were slurring their words. Defendant failed two sobriety tests and eventually refused to do any more. The officer arrested defendant for driving while intoxicated. Defendant refused to take a breath test.
 I
The first assignment of error complains the court abused its discretion by interrupting defense counsel's closing argument by telling the jury that a person could be guilty of driving while intoxicated even if that person was involved in an accident that was entirely the other driver's fault. Although admitting he struck the complaining witness' bumper, defendant tried to argue that the short distance he drove before striking the car made in unlikely that alcohol contributed to his driving and that he struck the car, apparently, out of negligence, not intoxication.
Defendant's argument under this assignment of error demonstrates a misunderstanding of the nature of a driving while under the influence charge. R.C. 4511.19 (A) (1) states that no person shall operate any vehicle while that person is under theinfluence of alcohol. It is not a violation of the law to drink and drive — it is only a violation of the law to drive while under the influence of alcohol. "The words `under the influence of intoxicating liquor' have been interpreted to mean that the accused must have consumed some intoxicating beverage in such quantity that it affected his actions, reactions, conduct, movements, or mental processes in such a manner as to deprive the accused of that clearness of intellect and control of himself which he otherwise would have, possessed under the circumstances then existing." State v. Moine (1991), 72 Ohio App.3d 584, 586, quoting State v. Titak (1955), 75 Ohio Law Abs. 430.
During closing argument, defense counsel admitted defendant drank beer on the day of the offense, but argued the following to the jury:
 But when you get right down on top of it, the basic question that the prosecution has to prove to you is, that if he had not had those beers to drink, Homer, unquestionably, beyond a reasonable doubt, would not have backed up, hit that other car's bumper and locked bumpers.
 If there's a reasonable doubt as to whether Homer * * * could have been that negligent of a driver, but without having any beer or alcohol in his system at all, he still could have locked bumpers. He still could have had this minor accident, if you even can call it an accident, then you must find him not guilty, because the prosecution has to prove beyond a reasonable doubt that it is the alcohol which caused the condition.
The court then interjected, saying, "the State does not have the burden of proof that the accident was caused by intoxication. The charge which the Court will give to the jury relates to driving under the influence. * * * The accident is not an element of the offense.
Defense counsel continued:
 The only improper driving alleged by Homer Horvath is in backing up hitting the car behind him and locking bumpers. This is the only improper driving.
 There is no claim that we have had down the street that he ran a stop sign, that he ran a stoplight, that he did anything improper relative to driving. He was in the car, possibly seconds at the most.
 The other car is right behind the car sticking into the driveway. He backs up and hits the bumper of the car behind. Unfortunately, they're apparently not of the same height and the bumpers lock. This is his improper driving, what causes his improper driving. If his improper driving was caused by the fact that he had those beers, if he wouldn't have done this — if he wouldn't have had the beers —
The court again interrupted defense counsel and told the jury:
 * * * I have to stop you and just be patient for a minute.
 The defendant is charged with driving under the influence. That is to say, that in June of 1998, he's charged, according to the indictment, with unlawfully operating a motor vehicle within a State of Ohio while under the influence of alcohol, a drug of abuse or alcohol and a drug of abuse.
 Now, this is a charge of consequence. That is to say, under the influence of alcohol or a drug of abuse or alcohol and a drug of abuse.
 Now the sole question is alcohol. So the question for you to decide, and I'll give you the full charge on this, is whether he operated a vehicle within the State of Ohio while under the influence of alcohol. All right.
 Now the jury will consider all the surrounding facts and circumstances, and, of course the jury is entitled to consider the incident that took place, the collision, and the jury is also entitled to take into account what the cause of that collision might have been. But keep in mind that the elements of the offense do not relate to an automobile accident per se, which is another way of saying that a person could be driving under the influence, could be involved in an accident which would not be his or her fault.
 A person could be driving down through an intersection. Someone else could break a red light and cause an accident. The question you will be called upon to decide is not the cause of the accident, but the issue of driving under the influence.
Although trial counsel is generally accorded considerable latitude in closing arguments, that latitude is tempered by the court's discretionary control over arguments that might mislead the jury. See Kubiszak v. Rini's Supermarket (1991), 77 Ohio App.3d 679,688. Defendant had the right to argue under the facts of the case that his consumption of beer was so insignificant that it did not impair his ability to operate a motor vehicle. In line with that argument, he could make the claim (however unique) that he would have struck the car even if he were sober. But defendant could not argue that the state bore the burden of showing that if defendant had not had anything to drink that he would not have hit the car's bumper.
The law requires the state to show that a driver's ability to drive is impaired — not that actual driving is impaired. See State v. Rohr (Dec. 30, 1998), Wayne App. No. 18908, unreported. The court's interjections properly clarified that point. The first assignment of error is overruled.
 II
The second assignment of error complains the court erred by having the jury decide the issue of whether defendant had prior DUI convictions. He claims the prior convictions merely served to enhance the penalty for the charged DUI offense so they should not have been submitted.
In State v. Allen (1987), 29 Ohio St.3d 53, 54-55, the supreme court held that if the fact of a prior conviction transforms a crime itself by increasing its degree, rather than simply enhancing its penalty, the prior conviction is an essential element of the crime and must be proved by state. Although a violation of R.C. 4511.19 (A) is generally a misdemeanor offense, if a person has previously been convicted of three or more violations of the drunk driving law within six years, the currently charged drunk driving offense is a fourth degree felony. See R.C. 4511.99 (A) (4). Because the prior convictions elevate the degree of the offense, they form an essential element of the charge and must be proved beyond a reasonable doubt. SeeState v. Payne (Mar. 31, 1999), Lake App. No. 97-L-284, unreported. The court did not err by submitting the prior offenses to the jury. The second assignment of error is overruled.
 III
The third assignment of error complains the court erred by excusing a juror in midst of deliberations and substituting an alternate juror with instructions that the jury must begin its deliberations anew.
Crim.R. 24 (F) states, "an alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict." In State v. Girts (1997), 121 Ohio App.3d 539,556, we noted that while it is a general rule that alternates may not replace regular jurors after the jury retires to deliberate, the general rule is not absolute — Ohio courts have recognized that, although expressed in mandatory terms, Crim.R. 24 (F) does not state a per se cause for reversal. A defendant may knowingly waive the procedure set forth in Crim.R. 24 (F). Cirts, 121 Ohio App.3d at 557-558.
The court did not excuse the alternate jurors, instead telling them they would be kept "segregated" and brought back into the courtroom. At the close of the first day of deliberations, the court learned that deliberations would need to continue the following day, but that one of the jurors had a spouse whose husband would be undergoing surgery the following day. The court told counsel, "I will have to excuse her and I'll put one of the alternates in her place and instruct the jury that they have to begin all over again with their deliberations." When asked if he objected to that procedure, defense counsel stated, "Doesn't matter. I guess that's the law." The court pressed defense counsel to make an affirmative statement of objection. Counsel took a short recess and conferred with defendant. When he next spoke with the court, counsel asked the court if could "certify that there is authority for the alternate to take the place of one of the regular jurors after they have started?" The court stated its belief that it was "a custom and practice throughout the United States that this takes place, you tell the jury they have to begin again all over because you don't want the one juror not being included into all the discussions." The court told counsel it could order the juror to come back after her spouse's medical procedure, but defense counsel replied, "No. No." When it became clear that a delay might last three or more days, defense counsel stated, "Well, if the Court is sure there's law to the affect [sic] that you can do this, we'll agree." The court reminded counsel it was his duty to research the law. Counsel replied, "I have never researched the question." The court offered to have the matter decided by eleven jurors, but defense counsel said, "I guess stick in the alternative." The court stated, "You authorize me to go in with the reporter and tell them they can go home for the evening and bring in the alternate?" Defense counsel replied, "Yes."
With this background in mind, we find defendant knowingly waived any objection to the court substituting the alternate juror. The circumstances were such that at the time the court informed counsel that one of the jurors might need to be excused, four options existed: (1) the court could have declared a mistrial; (2) it could have ordered the case submitted to eleven jurors; (3) it could have delayed deliberations until the juror was able return to service; or (4) it could have substituted an alternate. Ordinarily, the fourth option would be unavailable because alternate jurors must be dismissed once deliberations begin. Dismissal of alternates once jury deliberations begin is the rule, and nothing contained in this opinion should be taken as suggesting otherwise. However, the circumstances were such that defense counsel could make the informed decision to have the court replace the juror with an alternate and restart deliberations. The record shows defense counsel considered the other three options and rejected them. Because counsel agreed to permit the court to replace the juror with an alternate, we find no error. The third assignment of error is overruled.
 IV
The fourth assignment of error complains the court erred by permitting evidence relating to the intoxicated condition of defendant's friend at the time of the arrest. The evidence showed defendant's friend became unruly after defendant struck the complaining witness' car, and the police eventually arrested the friend for disorderly conduct. Defendant argues this evidence only tended to show his guilt by association with the friend.
Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Although evidence may be relevant, the court may exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of issues, or of misleading the jury." Evid.R. 403; State v. Morales
(1987), 32 Ohio St.3d 252, 258. Rulings on the admissibility of evidence are subject to an abuse of discretion review. State v.Allen (1995), 73 Ohio St.3d 626, 632-633.
When the state elicited testimony about the friend, the court twice cautioned the jury that the testimony relating to the friend was not to be taken as evidence that defendant committed the crime. The first time, the court told the jury:
 Ladies and gentlemen, this testimony is admitted to give you background and the totality of the circumstances. The evidence regarding that person's conduct does not apply to the defendant. Do you understand? It's just to give you some background information as to the surrounding circumstances.
 It's for you to decide whether or not the defendant has committed the crime alleged, the DUI crime which has been alleged in the indictment. The testimony regarding what someone else did, unless it directly involves the defendant, would not be attributable to the defendant, but admitted for that limited purpose, and to the extent that it would assist you in judging the surrounding circumstances in the context of the specific allegations. All understand that?
At the next point at which the friend's conduct arose during trial, the court again interrupted the witness and told the jury:
 Let me just make this observation legally, that testimony is only offered for background information regarding the surrounding circumstances and the sobriety of that individual. It is not the issue in this case. You understand that?
During the course of the trial, the court may give cautionary instructions relating to the law and the duty of the jury. Crim.R. 30 (B). Actions by the trial court pursuant to Crim.R. 30 (B) are a discretionary matter and will not be disturbed upon review unless the court abuses its discretion. State v. Frost
(1984), 14 Ohio App.3d 320.
The court carefully instructed the jury to consider the evidence about the friend's condition only as "background" information. It made clear that this background information could not be used as evidence of defendant's guilt. We presume the jury followed the court's instructions. State v. Goff (1998), 82 Ohio St.3d 123,135. The fourth assignment of error is overruled
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL. P.J.
MICHAEL J. CORRIGAN. J., CONCUR.
 _______________________ JOHN T. PATTON JUDGE