While I concur with the decision reached by the majority to reverse appellant's conviction as to the charge for criminal damaging, I must respectfully dissent from the decision reached by the majority wherein it affirmed appellant's conviction as to the charge for using a firearm while intoxicated.
R.C. 2923.15(A) states:
 "No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance."
In State v. Moine (1991), 72 Ohio App.3d 584, 586, the court defined "under the influence" by explaining that, "the accused must have consumed some intoxicating beverage in such quantity that it affected his actions, reactions, conduct, movements, or mental processes in such a manner as to deprive the accused of that clearness of intellect and control of himself which he otherwise would have possessed under the circumstances then existing."
In the case at bar, the charge against appellant for public intoxication was dismissed prior to jury trial. Further, both Patrolman Shawn Long and Patrolman Marty Ward, the investigating police officers, testified that neither field sobriety tests nor a breathalyzer test were performed on appellant at any time during their investigation. (Tr. 160, 200-202). Additionally, while both officers stated that appellant admitted to drinking on the night of the incident in question, neither could affirmatively testify that appellant admitted he was, in fact, drunk. (Tr. 160, 179). Although appellee focused on appellant's admission to drinking, his statements to police officers did not constitute an admission to being drunk or under the influence, an element required by R.C. 2923.15.
The investigating police officers offered some minor, subjective observations as to appellant's manner upon their arrival at the scene, such as: appellant had the odor of having consumed alcoholic beverages, appellant's speech was slurred and appellant lacked motor coordination. However, not all of these alleged observations were recorded in their police report, nor were any objective findings offered to substantiate the contentions set forth by the investigating officers. Although police officers had enough to charge appellant, such charge must be proven at trial beyond a reasonable doubt.
Based upon the foregoing, the investigating police officers could not have known how much appellant had to drink on the night in question so as to charge him with a criminal act which required being under the influence as an element. Thus, as I find that appellee failed to establish the elements delineated under R.C. 2923.15(A), I would reverse appellant's conviction for using a firearm while intoxicated, along with his conviction for criminal damaging.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE