OPINION
Appellant, the Village of Poland, appeals from the decision of the Mahoning County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission granting Timothy Deskin (Deskin), unemployment benefits.
A hearing officer of the Unemployment Compensation Review Commission made the following findings of fact in its decision of September 9, 1998, in which he affirmed the Administrator's decision finding that Deskin was discharged without just cause and awarding him unemployment benefits.
Deskin was employed by appellant as a patrolman in the Village of Poland Police Department from July 14, 1981 until February 11, 1998. Deskin was discharged because appellant believed he came to work while under the influence of alcohol on February 10, 1998. Appellant had a policy which provided that any employee who consumed alcohol while at work or who appeared for work while under the influence of alcohol was subject to discharge. Deskin was familiar with this policy.
Deskin was scheduled to work from 8:00 a.m. until 4:00 p.m. on February 10, 1998. That morning his employer asked him to submit to a random drug and alcohol test. Deskin submitted a specimen at 9:42 a.m. The specimen revealed a .072 level of alcohol in Deskin's system. Appellant suspended Deskin as a result of the test and subsequently converted the suspension into a discharge for violating its policy by appearing for work while under the influence of alcohol.
Appellant appealed the decision of the hearing officer. The Administrator of the Ohio Bureau of Employment Services was named as appellee in this matter and defended the hearing officer's decision. On June 8, 1999, the Mahoning County Court of Common Pleas adopted the decision of the magistrate affirming the decision of the Unemployment Compensation Review Commission. It is from this decision that appellant now appeals.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE OHIO BOARD OF EMPLOYMENT SERVICES THAT APPELLEE, TIMOTHY DESKIN, WAS ENTITLED TO BENEFITS AS A RESULT OF HIS TERMINATION FROM EMPLOYMENT WITH THE APPELLANT, VILLAGE OF POLAND."
Appellant argues that it had just cause to terminate Deskin's employment. It argues that Deskin once had to use a vacation day because his supervisor believed he may have been under the influence of alcohol. Appellant contends that the hearing officer erred in finding that Deskin's conduct was not so wrongful as to warrant his discharge. It argues that "wrongfulness" is not an element of just cause. Furthermore, appellant claims that the hearing officer's finding that Deskin "used poor judgment in appearing for work with a significant amount of alcohol in his system" was sufficient to support a finding that Deskin's conduct was unjustifiable thereby warranting just cause for his dismissal.
An appellate court may reverse the Unemployment Compensation Review Commission's just cause determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. See Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, at syllabus. While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. Id. at 696. In addition, the fact that reasonable minds might reach different conclusions is not a basis for reversal of a decision of the Review Board. Irvine v. Unemployment Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 18, 482 N.E.2d 587.
R.C. 4141.29(D)(2)(a) prohibits the payment of benefits to an individual if the individual "has been discharged for just cause in connection with the individual's work." Just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act.Irvine, supra. What constitutes just cause is a question of fact, and the determination of purely factual questions is primarily within the province of the Review Board. See id.
As appellee correctly notes, an employer may justifiably discharge an employee without incurring liability for wrongful discharge, but that same employee may be entitled to unemployment compensation benefits. Durgan v. Ohio Bur. of Emp. Serv. (1996),110 Ohio App.3d 545, 549. This is because the determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act, which the Ohio Supreme Court has declared to be that of providing "financial assistance to an individual who has worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." Irvine,19 Ohio St.3d at 17, citing Salzl v. Gibson Greeting Cards (1980),61 Ohio St.2d 35, 39. As the Ohio Supreme Court has also noted:
 "[w]hen an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the [Unemployment Compensation] Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." Tzangas, 73 Ohio St.3d at 697-698.
Thus, a consideration of the employee's fault or responsibility for his own predicament is necessary to a just cause determination. King v. State Farm Mut. Auto Ins. Co. (1996),112 Ohio App.3d 664, 669.
In this case, the basis of Deskin's discharge was appellant's policy dealing with employees who appeared for work under the influence of alcohol. The actual policy has not been made a part of the record before this court. However, it appears uncontested that the policy prohibited employees from using drugs or consuming intoxicating beverages during working hours and/or appearing for work under the influence of alcohol. The hearing officer's decision as well as the testimony of Deskin himself confirms this.
The Village made no allegation that Deskin used drugs or consumed intoxicating beverages during working hours. Instead, the Village maintained that it discharged Deskin because he appeared for work under the influence of alcohol. The only evidence the Village offered in support of this allegation was a chemical test indicating that Deskin had a .072% level of alcohol in his system at the time he appeared for work.
A provision in a policy that an employee may be discharged for reporting to work under the influence of alcohol/drugs is a valid and enforceable provision and is not contrary to public policy. See Hawkins v. Leach (1961), 115 Ohio App. 259. See, also,U-Brand Corp. v. Frye (Dec. 4, 1989), Ashland App. No. CA-939, 1989 WL 148038 at *6. In this case, we are confronted with the question of whether there was sufficient evidence to establish that Deskin was under the influence of alcohol. In State v. Moine
(1991), 72 Ohio App.3d 584, 586, the court noted:
 "The words `under the influence of intoxicating liquor' have been interpreted to mean that the accused must have consumed some intoxicating beverage in such quantity that it affected his actions, reactions, conduct, movements, or mental processes in such a manner as to deprive the accused of that clearness of intellect and control of himself which he otherwise would have possessed under the circumstances then existing."
In this case, there was no evidence presented that Deskin wasunder the influence of alcohol. The only evidence presented was the chemical test indicating that Deskin had a .072% level of alcohol in his system at the time he appeared for work. This case is analogous to the situation where a defendant is charged with a violation of R.C. 4511.19(A)(1), or specifically with operating a vehicle while under the influence of alcohol, and not charged with having a prohibited concentration of alcohol in his breath, under R.C. 4511.19(A)(3). In that situation, it is not necessary for the state to prove any particular degree of concentration. All that is necessary to sustain a conviction is proof that he had consumed some alcohol in a quantity adversely and appreciably impairing his actions or mental processes and depriving him of that clearness of intellect and control of himself which he would otherwise have had. State v. Bakst (1986), 30 Ohio App.3d 141,145. The amount of alcohol concentration in his body is not thequestion; the effect of whatever alcohol concentration may havebeen present is the question. Id.
Unlike Ohio's traffic laws, appellant's policy contained no provision which prohibited an employee from appearing for work with a certain level of alcohol in his/her system. Appellant's policy instead only prohibited an employee from appearing for work under the influence of alcohol. To establish a violation of this policy, appellant needed to prove that the level of alcohol in Deskin's system had the effect of adversely and appreciably impairing his actions or mental processes and depriving him of that clearness of intellect and control of himself which he would otherwise have had. Appellant offered no evidence of this and the results of the chemical test alone was insufficient to establish what effect that level of alcohol had on Deskin.
In addition, the record is devoid of any evidence that the appellant was concerned enough to send appellee home after their observations. Had the Village of Poland's policy prohibited an employee from appearing for work with a certain level of alcohol in his/her system our decision in this case may very well have been different.
We agree with appellant that appellee exercised poor judgment for appearing at work with alcohol in his system. Law enforcement officers should be held to a high standard due to the important role they play in society. That standard though must be set out clearly in an employer's policy and if unemployment benefits are to be denied under the law, evidence must be presented that establishes a violation of that policy.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
COX, J., WAITE, J., concurs