OPINION
Appellant, Thomas S. Harrison, appeals from the judgment of the Willoughby Municipal Court. Appellant was cited for violating R.C.4511.19(A)(1), operating a motor vehicle while under the influence of alcohol, and R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited breath alcohol concentration. Appellant filed a motion to suppress evidence, which was denied. Appellant subsequently entered a plea of no contest to violating R.C. 4511.19(A)(1), preserving his right to appeal under Crim.R. 12(H). Defiance v. Kretz (1991), 60 Ohio St.3d 1, syllabus. The charge under R.C. 4511.19(A)(3) was dismissed. On appeal, appellant challenges whether there was reasonable suspicion to warrant the initial stop and whether the state demonstrated that his BAC test was conducted within two hours of his alleged commission of the offense, as required by R.C. 4511.19(D)(1).
Officer Parker, of the Kirtland Police Department, was on routine patrol at 11:23 p.m. when he drove by a local residence and noticed a car he did not recognize parked at the end of the driveway. The officer was familiar with the cars driven by the residents. All of the house lights were off. The car was largely concealed by two large bushes on either side of the end of the driveway. This particular residence had recently been burglarized and the police had a "special watch" on the house due to the burglary and some other "special situation." The car's lights were out, and the officer saw a single male occupant in the driver's seat of the car talking on his cell phone. Officer Parker activated his overhead lights, turned around, and pulled in the driveway behind the car.
Appellant exited his vehicle and approached the officer. He explained that he had run out of gas and that he was just talking with his wife on the phone, arranging a resolution to the problem. The officer detected a strong odor of alcohol and a slight slurring of speech. The officer asked appellant if he had been drinking, and appellant replied that he had drunk four beers. The officer administered field sobriety tests. The officer noted numerous signs of impairment and placed appellant under arrest. Upon inventorying the car subsequent to the arrest, the keys were found in the ignition.
The officer never got an exact statement from appellant regarding how long appellant had been stuck in the driveway prior to the officer's arrival. The officer testified that appellant had stated he was on his way home from a friend's house where he had watched the baseball all-star game. The officer testified that "he said he'd just broken down." It was 11:23 p.m. when the officer pulled up behind appellant's vehicle. The B.A.C. test was begun at 12:29 a.m. of the next day, one hour and six minutes after the officer initiated the stop. The test result indicated a prohibited amount of alcohol (.109). Appellant was cited for operating a motor vehicle while under the influence of alcohol and for operating a motor vehicle with a prohibited breath alcohol concentration.
Appellant filed a motion to suppress, and a hearing was conducted. Pursuant to Crim.R. 12(E), the trial court made findings of fact. The court concluded the officer had articulated specific facts which, taken together with reasonable inferences and other information, warranted the officer's initial investigation. The court also found that the officer's testimony had established a sufficient correlation between the time of appellant's operation of the motor vehicle to the initial "confrontation" with the officer, thereby rendering the B.A.C. test admissible as evidence. Specifically, the court found that when the officer first saw appellant, he was on his cell phone, and that he admitted he was calling his wife for assistance. The court's finding was based on the inference that appellant did not wait fifty-four minutes before seeking assistance, rather, he contacted his wife shortly after running out of gas. From this judgment, appellant timely filed this appeal, assigning the following error:
 "[1]. The trial court erred in overruling appellant's motion to dismiss the charges and/or suppress the evidence obtained during his stop."
 In evaluating an appeal from the denial of a motion to suppress evidence, our standard of review is bifurcated with respect to factual and legal issues. We review "the trial court's findings of facts * * * only for clear error and with due weight given to inferences the trial judge drew from the facts." State v. Searls (1997), 118 Ohio App.3d 739, 741, citing State v. Mills (1992), 62 Ohio St.3d 357, 366. "The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." Id. To the extent an appeal is directed at a trial court's findings of fact, we review these findings to determine only whether the findings were against the manifest weight of the evidence. Id. In contrast, an appellate court reviews the trial court's application of law to those facts de novo. Id., citing Ornelas v. United States (1996), 517 U.S. 690. An appellate court "must independently determine whether the facts meet the appropriate legal standard." Id.
The law regarding reasonable suspicion is well established. In evaluating the propriety of an investigative stop, a reviewing court must consider the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88. An officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant stopping a person. Terryv. Ohio (1968), 392 U.S. 1, 21.
Based upon the facts articulated by the officer at the suppression hearing, the requisite reasonable suspicion was presented, justifying the investigatory stop. The house had been recently burglarized and was under watch. It was late at night and the house was dark. An unknown vehicle, which the officer did not recognize as one belonging to the residents, was parked at the end of the driveway and largely concealed. These facts, taken with the consequent rational inferences, warranted an investigative stop by the officer. Upon approaching appellant and observing signs of intoxication, the officer formed a new reasonable suspicion, namely, that appellant was intoxicated. These observations justified a further investigation for D.U.I. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, 2000 Ohio App. LEXIS 800, at *9. Appellant's first issue presented for review is without merit.
In appellant's second issue presented for review, he contends that the state failed to meet its burden of proving beyond a reasonable doubt that the B.A.C. test was administered within two hours of appellant's operation of the vehicle. In order to obtain a conviction under R.C.4511.19(A)(3), it is necessary for the state to prove that the B.A.C. test was administered within two hours of the defendant's operation of the vehicle. Cincinnati v. Sand (1975), 43 Ohio St.2d 79, paragraph two of syllabus. However, appellant was charged for violating R.C.4511.19(A)(1), operating a motor vehicle while under the influence of alcohol, as well as violating R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited breath alcohol concentration. To obtain a conviction under R.C. 4511.19(A)(1), it is not necessary for the state to present evidence constituting a chemical test. State v. Moine (1991),72 Ohio App.3d 584.
While the admissibility of the test was essential for a conviction under R.C. 4511.19(A)(3), the test was not necessary for a conviction under R.C. 4511.19(A)(1). Consequently, even were we to agree with appellant's contention that the trial court erred in deeming the test admissible, such a conclusion would not necessarily provide a basis for overturning the trial court's judgment with respect to the violation of R.C. 4511.19(A)(1). The facts presented were that: appellant was in a car; the keys were in the ignition; he displayed classic indicia of alcohol consumption; he admitted to drinking four beers; and, he failed the roadside sobriety tests. For purposes of R.C.4511.19, sitting in the driver's seat of a car with the keys in the ignition constitutes "operation" of the vehicle. State v. Gill (1994), 70 Ohio St.3d 150. Appellant pled no contest to violating R.C. 4511.19(A)(1). The charge for violating R.C. 4511.19(A)(3) was dismissed. There was sufficient evidence in the record, without the B.A.C. test, to support the trial court's finding of guilty with respect to the R.C. 4511.19(A)(1) violation. Appellant's second issue presented for review is without merit. The judgment of the trial court is affirmed.
CHRISTLEY, J., NADER, J., concur.