The STATE of Ohio, Appellee,

v.

CRAIG, Appellant.

[Cite as *State v. Craig* (1998), 130 Ohio App.3d 639.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980093.

Decided Dec. 4, 1998.

640

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jennifer E. Day*, Assistant Prosecuting Attorney, for appellee.

*Kevin K. Gavin,* for appellant.

GORMAN, Judge.

The defendant-appellant, Shannon Craig, appeals from the trial court's order imposing a twelve-month prison term for violation of the conditions of his community-control sanction. In his four assignments of error, Craig contends that the prison term must be vacated because (1) the violation was based on a domestic violence offense that was dismissed, (2) he was denied the right to confront and cross-examine his accuser, (3) he was denied a preliminary hearing, and (4) a prison term was not part of his underlying sentence for domestic violence. Because we find merit in Craig's second assignment of error, we reverse.

I

On November 3, 1997, the trial court sentenced Craig to a three-year community-control sanction following his plea of guilty of the offense of domestic violence. The victim was his eighty-three-year-old great-grandmother. Twelve days later, Craig was arrested again for the offense of domestic violence. This time the victim was Craig's great aunt, who was in her late sixties or early seventies, and with whom he was reportedly living. On November 24, 1997, the grand jury returned an indictment against Craig for domestic violence under the number B–9708792. The trial court conducted a revocation hearing on January 13, 1998. At the hearing, Craig was present and represented by counsel. The victim, however, was not in court. Based upon the sworn testimony of Craig's probation officer, the police officer who responded to the domestic violence call, and the exhibits admitted in evidence, the trial court found that Craig had violated Rule No. 2 of his conditions of community-control. The trial court imposed a twelve-month prison term. On February 6, 1998, the domestic violence charge was dismissed for failure to prosecute when the victim failed to appear.

II

In his first assignment of error, Craig contends that because the indictment charging him with domestic violence was dismissed, he did not violate the condition of his community-control cited by the trial court, Rule No. 2. Rule No. 2 of Craig's community-control sanction provided in its entirety:

"I will *obey all laws* and understand that a conviction, while on probation of a new traffic/criminal offense may result in violation of my probation." (Emphasis added.)

Had the violation of Craig's community-control sanction been expressly limited to a conviction for a criminal offense, we would agree with his argument. See *In re Mallory* (1985), 17 Ohio St.3d 34, 17 OBR 28, 476 N.E.2d 1045. However, Rule No. 2 expressly required that Craig "obey all laws," which is a far broader mandate than a requirement that he simply avoid conviction no matter what his behavior might be otherwise. The mandate that Craig "obey all laws" was required by both R.C. 2929.15(A)(1) and R.C. 2951.02(C)(1)(b).

■ Concededly, the mere fact of an arrest cannot constitute a violation of a community-control sanction. See *State v. Moine* (1991), 72 Ohio App.3d 584, 589, 595 N.E.2d 524, 527. The arrest may prove baseless or result in an acquittal. The trial court can, however, examine the evidence underlying the offender's arrest and conclude from that evidence that he did not obey or abide by the law. *State v. Delaney* (1984), 11 Ohio St.3d 231, 11 OBR 545, 465 N.E.2d 72 (conduct surrounding a probation violation based on a nonarrestable offense); *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821 (probation violated based upon charge of domestic violence despite later dismissal of charge by probationer's wife). The testimony of Craig's probation officer and the police officer and the photograph depicting the victim's physical appearance reasonably permitted the trial court to conclude that Craig did not obey all laws as required by Rule No. 2. The trial court did not abuse its discretion, therefore, in concluding from the evidence at the revocation hearing that Craig had violated a condition of his community-control sanction—to obey all laws—although Craig was never convicted of the crime due to the victim's subsequent failure to prosecute.

### III

■ Craig argues in his second assignment of error that he was denied his right to confront his accuser because the victim did not attend the hearing. He maintains that his due process rights were violated by the admission of the victim's hearsay statements that Craig gave her a black eye. We agree.

■ The rules of evidence are expressly inapplicable to a revocation hearing. Evid.R. 101(C)(3). That does not mean, however, that the admission of hearsay can always substitute for the offender's right to confront his accuser. *State v. Hylton* (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821, 823. As the United States Supreme Court has held, though parole revocation is not part of a criminal prosecution, certain minimum requirements of due process apply at a probation-revocation hearing under the Fourteenth Amendment, including the right of the accused to confront and cross-examine adverse witnesses. *Morrissey v. Brewer* (1972), 408 U.S. 471, 480, 484, 92 S.Ct. 2593, 2600, 2602, 33 L.Ed.2d 484, 494, 496; *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 1760–1761, 36

L.Ed.2d 656, 664. The only exception occurs when the hearing officer specifically finds good cause for not allowing confrontation. *Id.*

■ The United States Supreme Court has not defined "good cause" in this context. The trial court must assess, however, the explanation that the government offers for why confrontation is neither plausible nor desirable. See *Columbus v. Lacy* (1988), 46 Ohio App.3d 161, 546 N.E.2d 445. Reasons that the state may offer include the possibility that live testimony of the witness might pose a security risk or prove too difficult or expensive. A crucial factor that must be considered, however, is the reliability of the evidence offered in place of the live testimony. As stated by one federal court, "Thus, where the government demonstrates that the burden of producing live testimony would be inordinate and offers in its place hearsay evidence that is demonstrably reliable, it has made a strong showing of good cause. Where, on the other hand, the government neither shows that presenting live testimony would be unreasonably burdensome nor offers hearsay evidence that bears indicia of reliability, the probationer is entitled to confrontation." *United States v. Bell* (C.A.8, 1986), 785 F.2d 640, 643.

In the present case, the revocation hearing and the trial on the new domestic violence charge were to be held on the same day. The victim, as noted, failed to appear. The trial court did not seek any explanation from the state, nor did it make any finding of good cause why the revocation hearing should go forward without Craig's accuser. At the hearing, the only evidence offered by the state with respect to Craig being the attacker was the statement of the police officer that the victim had told him that Craig struck her. Although he personally observed and photographed the victim's injuries, the police officer admitted that he had no personal knowledge of whether Craig was the attacker.

Significantly, after overruling Craig's objections and imposing a prison sentence, the trial court asked the prosecutor if the state was ready to proceed to trial on the domestic-violence charge. Only at that point did the prosecutor explain that the victim's absence was due to an unspecified illness. The state then requested a continuance of the trial to secure the victim, which was granted. On the next trial date, the victim again failed to appear and the charge was dismissed. At no time, therefore, did Craig ever confront his accuser in court.

We hold that this scenario failed to satisfy Craig's due process right of confrontation under *Morrissey* and *Gagnon* in several respects. First, the trial court failed to make the required finding of good cause prior to going forward with the revocation hearing. Second, the explanation that the victim was temporarily ill due to some unexplained condition was inadequate and was offered only after the revocation hearing was concluded when the state sought a continuance of trial. Finally, the hearsay evidence offered by the state in the place of live testimony was not grounded upon any hearsay exception and

otherwise reflected no demonstrated indicia of reliability. In this regard, we agree with the court in *Columbus* that "given the noncriminal character of probation proceedings, a less rigorous standard is presumably available to show reliability." *Columbus, supra,* 46 Ohio App.3d at 164, 546 N.E.2d at 448. However, the testimony of the police officer was not grounded on any hearsay exception, as no foundation was laid to demonstrate that it came under the category of a statement describing a present sense impression or an excited utterance. See Evid.R. 803(1) and (2). Thus the hearsay statement of the victim was subject to the same potential infirmities of perception, memory, and sincerity that make hearsay suspect. Under these circumstances, we hold that Craig was entitled to confrontation.

## IV

In his third assignment of error, Craig maintains that he was deprived of due process because he was not afforded a preliminary hearing to establish probable cause. He did not raise this issue in the trial court. The preliminary hearing is to establish the existence of probable cause for the violation so that the offender is not subject to unjust incarceration during the period between arrest and the revocation hearing. *State v. Delaney* (1984), 11 Ohio St.3d 231, 11 OBR 545, 465 N.E.2d 72. Craig's failure to timely object in the trial court waived any necessity for the trial court to conduct a preliminary hearing.

## V

Finally, Craig argues in his fourth assignment of error that a prison term was precluded because the trial court failed to impose a prison term as part of its sentence on the underlying domestic-violence conviction. We disagree. For offenses committed after July 1, 1996, the sentencing scheme under R.C. 2929.15(A)(1) dispenses with the previous practice in which the trial court suspended execution of a prison term and placed the defendant on probation. At the time the trial court sentenced Craig for domestic violence, it properly advised him, in compliance with R.C. 2929.19(B)(5), that a prison term could be imposed for violation of the conditions of his community-control sanction. Therefore, after a finding that Craig violated a condition of his community-control sanction, it was a proper exercise of the trial court's discretion to have imposed the twelve-month prison term, since it did not exceed the range specified for the underlying fourth-degree felony. See R.C. 2929.15(B). Craig's fourth assignment of error is therefore overruled.

In summary, Craig's first, third, and fourth assignments of error are overruled. However, because of our resolution of Craig's second assignment of error,

involving his right of confrontation, the judgment of the trial court is reversed, and this matter remanded to the trial court for rehearing.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., and HILDEBRANDT, J., concur.