OPINION.
The defendant-appellant, James King, appeals from the sentencing court's order finding him in violation of his community-control sanctions and imposing a one-year prison term with credit for time served. In his single assignment of error, King contends that the court denied him due process by finding that he had violated his community-control sanctions based on alleged criminal acts for which he was neither charged nor convicted. We disagree.
King was indicted for the offense of aggravated burglary. He entered into a plea bargain in which he agreed to plead guilty to a reduced charge of burglary. The trial court imposed a five-year combination of community-control sanctions under the supervision of the court's probation department, including (1) a residential sanction of local confinement in the Hamilton County Justice Center for a period of one hundred and eighty days, (2) a nonresidential sanction of intensive supervision for the first year, and (3) a financial sanction of restitution. In the presence of King and his counsel, the court said to the probation officer, "I want him violated if he goes near [the prosecuting witness]." Noting King's history of violating court orders and making threatening telephone calls to the prosecuting witness, the court stated, "Anything — anything he does, violate him * * *."
Thirty-one days after the court imposed King's sentence, the probation department filed a complaint alleging that King had violated rule number eleven of his community control, which required him to "stay away from [the] prosecuting witness." The sentencing court conducted a preliminary hearing into probable cause in compliance with Gagnon v. Scarpelli
(1973), 411 U.S. 778, 93 S.Ct. 1756, and Morrissey v. Brewer (1972),408 U.S. 471, 92 S.Ct. 2593. The state offered evidence that King had threatened the prosecuting witness, her family, and her fiancée by telephone from the Hamilton County Justice Center. King allegedly told them, "I'm going to get you. * * * I'm going to get out soon." The court made a finding of probable cause.
At the revocation hearing, conducted pursuant to Crim.R. 32.3, the trial court found that the state's evidence proved that King had violated the conditions of his community-control sanctions. Specifically, the court found that King had committed a criminal act — making threatening telephone calls to the prosecuting witness and her family and fiancée while in jail. The court expressly stated that it was not basing its decision on rule number eleven of King's community control, which required King to "stay away" from the prosecuting witness, apparently because the order did not expressly prohibit telephone conversations. The court them imposed the minimum one-year prison term for a third-degree felony as provided in R.C. 2929.15(B) and 2929.14(A)(3).
King now argues that the sentencing court could not have found him in violation of his community-control sanctions, because the judgment of conviction did not include the condition to "stay away" from the prosecuting witness, and because he did not sign any written document specifying that he was to have no contact with witnesses to his burglary offense. This argument is inapposite, however, because the trial court expressly stated that it was not basing its decision on the "stay-away" provision of its earlier order, but, rather, on the fact that King had engaged in criminal conduct
Pursuant to R.C. 2929.15(A)(2)(a), if the court sentences any offender to any community residential sanction authorized by R.C. 2929.16, the probation department, which is responsible for the offender's supervision, must report to the court "a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation officer." (Emphasis added.) The requirement that an offender obey the law while under community control, as specified in R.C. 2929.15(A)(2)(a), is thus imposed by statute. Further, rule number one of King's community control required that he conduct himself appropriately, i.e., in conformance with the law, at all times while on community control. As a practical matter, it is difficult to conceive that an offender on community control would not know that committing another criminal offense by calling and threatening the prosecuting witness and her family would jeopardize his status.
The second prong to King's argument is that he cannot be found guilty of a "probation violation" for commission of criminal offenses that were not charged or that did not result in conviction. This court has held, however, that even if the offender has not been arrested, charged, or convicted, the sentencing court may examine the evidence underlying the probation officer's report and conclude from the evidence that the offender under a community-control sanction has violated the law. SeeState v. Craig (1998), 130 Ohio App.3d 639, 642, 720 N.E.2d 966, 968. At the revocation hearing in this case, the state offered the testimony of four witnesses, and the court received five exhibits in evidence. All related to King's telephone threats. At the conclusion of the state's evidence, King rested. If the court believed the state's witnesses, King's threats satisfied the elements of several offenses, not the least of which being telephone harassment in violation of R.C. 2917.21.
King also argues that the revocation hearing was conducted in violation of due process. Although probation for convicted felons was abolished after July 1, 1996 (the effective date of the new felony sentencing law), it is generally recognized that the minimum due-process requirements of probation-revocation hearings apply to community-control revocation hearings. See State v. Todd (Mar. 29, 1999), Auglaize App. No. 2-98-25, unreported. These requirements include (1) written notice of the claimed violations; (2) disclosure of the evidence against the offender; (3) an opportunity to be heard in person and to present evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached magistrate, and (6) written findings of fact stating the evidence relied on and the reasons for revocation. State v.Miller (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, citing Morriseyv. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593.
The record demonstrates that King received notice of the reasons underlying the violation of his community-control sanctions, and that he addressed those reasons in his arguments to the court below. Evidence was presented against him, and he had the opportunity to cross-examine witnesses and to present any evidence, had he desired to do so. Although King argues to the contrary, there is ample evidence in the record to support the court's finding that King, by engaging in a series of harassing and threatening telephone calls, violated his community control by failing to act appropriately and by disobeying the law.
Accordingly, the judgment of the sentencing court is affirmed.
Hildebrandt and Painter, JJ., concur.