[Cite as *State v. Rogers*, 2013-Ohio-588.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98779**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONZELL ROGERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553395

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kristen L. Sobieski
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Donzell Rogers ("Rogers") appeals the trial court's finding him to have violated the conditions of his community control and assigns five errors for our review.[1]

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

**{¶3}** On August 12, 2011, the Cuyahoga County Grand Jury indicted Rogers for three counts of felony criminal nonsupport for his failure to pay child support. On November 21, 2011, Rogers pleaded to an amended misdemeanor charge of criminal nonsupport, and the remaining counts were dismissed. The trial court sentenced Rogers to five years of community control. The terms of his probation were that he was to follow the rules of the probation department and make regular payments towards his unpaid child support in the amount of $13,765.27. The court did not set a specific amount for each payment, but informed Rogers to "keep making some regular payments and try to keep them as good as you can."

**{¶4}** On January 13, 2012, almost two months after the original sentence, the trial court held a hearing because Rogers violated the terms of his community control. We do not have the transcript from that hearing; however, the trial court's journal entry shows that the court continued Rogers's community control, but imposed additional conditions. The court required Rogers to report monthly; make regular payments of $20

---

[1]See appendix.

per month; and submit to regular drug testing. The court also informed Rogers that a violation of the conditions could lead to six months in jail.

{¶5} On July 27, 2012, a hearing was conducted due to Rogers again violating the conditions of his community control. A capias had to be issued to ensure his appearance at the hearing. Rogers violated the conditions of his community control by failing to report to his probation officer, failing to pay the ordered child support, and testing positive for marijuana and cocaine. At that time, the restitution had a balance of $13,441.55.

{¶6} In spite of finding that Rogers violated his community control, the trial court did not impose the six-month sentence in jail. The court instead continued the community control and ordered Rogers to pay at least $50 a month after Rogers confirmed he could pay this amount. The court also ordered that if he was unable to receive disability payments through social security, he needed to obtain at least part-time work. The court also informed him that if he tested positive for drugs again, he would serve six months in jail.

## Lack of Notification

{¶7} In his first assigned error, Rogers argues that his due process rights were violated because in spite of finding him to have violated his community control in the judgment entry, the trial court, at the July 27, 2012 hearing, failed to state that Rogers violated his community control and failed to state how he violated the conditions.

**{¶8}** Rogers relies on this court's decision in *State v. Williams*, 43 Ohio App.3d 184, 540 N.E.2d 300 (8th Dist.1988), where we held that prior to the revocation of probation "the defendant must be given written notice of the alleged probation violation and a preliminary hearing on the charge must be held." While this is a correct point of law, Rogers's community control was not revoked at the July 27, 2012 hearing. The trial court chose to continue Rogers's community control.

**{¶9}** Moreover, in spite of Rogers's contentions otherwise, the court not only stated at the hearing that Rogers violated his community control, but also discussed the grounds for finding he violated the terms of his community control. Accordingly, Rogers's first assigned error is overruled.

## Trial Court Erred by Modifiying Original Sentence

**{¶10}** In his second and fourth assigned errors, Rogers contends the trial court erred at his July 27, 2012 hearing by imposing additional conditions and by adding that Rogers faced six months in jail if he violated the conditions. Rogers contends that because the additional conditions and potential jail sentence were not imposed at his original hearing, the court could not modify his community control.

**{¶11}** At Rogers's initial sentencing, the trial court stated that the "only terms of probation is the fact that you'll [sic] continuing to make some payments." (Tr. 8.) The court then stated that it "will assign it to the criminal nonsupport folks as far as your probation and the officers you'll deal with." The November 21, 2011 judgment entry accurately reflects the imposed conditions. The entry states:

**Defendant is sentenced to 5 years probation. Follow rules of probation department. Criminal non-support supervision. Defendant to make regular payments. Restitution ordered in the amount of $13,765.27 to victim; payable through the probation department.** Journal entry, November 23, 2011.

**{¶12}** We do not have the transcript from the January 2012 violation hearing. However, the record shows that the court continued Rogers's community control and imposed additional conditions. The court ordered "Probation is continued with prior conditions. Monthly reporting, $20.00 regular payments, regular drug testing, 6 months on violation." Judgment Entry, January 21, 2012. Therefore, the court actually first modified the conditions and added the possibility of jail at the January 21, 2012 hearing, not the July 27, 2012 hearing.

**{¶13}** Pursuant to R.C. 2929.25(B), the court has the authority to modify the conditions of community control as long as the duration of community control has not expired:

**(B) If a court sentences an offender to any community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control. Upon the motion of either party or on the court's own motion, the court, in the court's sole discretion and as the circumstances warrant, may modify the community control sanctions or conditions of release previously imposed, substitute a**

**community control sanction or condition of release for another community control sanction or condition of release previously imposed, or impose an additional community control sanction or condition of release.**

{¶14} Thus, the court did not err by modifying the conditions. Rogers contends the trial court failed to orally notify him of the additional conditions. However, Rogers has failed to provide us with the transcript from the January 2012 hearing; therefore, we must presume regularity and find that the trial court adequately advised Rogers of the conditions. *See, e.g.*, *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980) (noting that reviewing court must presume regularity in the trial court proceedings when portions of the transcript necessary to resolve issues are not part of the record).

{¶15} The trial court at the January 21, 2012 and July 27, 2012 hearings also advised Rogers that he faced six months in jail if he violated the conditions. This gave Rogers adequate notice because prior to these advisements, he was not placed in jail for violating his community control. The court's prior advisements in this case distinguish it from our case in *State v. Bartlett*, 8th Dist. No. 96501, 2012-Ohio-103. In *Bartlett*, the trial court failed to give the defendant prior notice that he would be subject to imprisonment if he violated the terms of his control. Further, in *Bartlett*, the defendant was actually sentenced to prison for his violation. Rogers has not been sentenced to jail

as the court has continued his community control. Accordingly, Rogers's second and fourth assigned errors are overruled.

## Unsworn Testimony

{¶16}  In his third assigned error, Rogers contends the trial court erred by relying on the unsworn testimony of his probation officer in concluding that Rogers violated his community control.

{¶17}  Rogers's probation officer testified that Rogers failed to report, failed to make payments in the required amount toward the restitution, failed the drug test, and failed to submit to a drug test in January 2012, all of which were conditions of his probation.[2]   This court has previously held that the failure to object to the unsworn testimony of a probation officer at a violation hearing waives any error regarding the trial court's determination.  *State v. Fonte*, 8th Dist. No. 98144,  2013-Ohio-98; *State v. Rose*, 8th Dist. No. 70984, 1997 Ohio App. LEXIS 1072 (Mar. 20, 1997), citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977).  Here, no objection was made to the probation officer's testimony; therefore, any error in the court finding that Rogers violated his community control based on the testimony of the probation officer is waived.  Accordingly, Rogers's third assigned error is overruled.

## Sentencing Errors

---

[2]There is some question whether Rogers failed to pay the $50 a month in restitution because the probation officer was under the impression that Rogers had to pay $148 per month.  However, there was no controverting evidence as to the fact that Rogers failed the drug test and failed to appear for a drug test in January, which were also conditions of his community control.

**{¶18}** In his fifth assigned error, Rogers contends the trial court erred by imposing the maximum sentence of six months without considering the statutory criteria.

**{¶19}** The trial court did not sentence Rogers to six months in jail at the July 27, 2012 hearing, which is the subject of the instant appeal. Instead, the trial court continued Rogers's community control. Because no jail term was imposed, Rogers's arguments are not properly before us. Rogers's fifth assigned error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR

## APPENDIX

**Assignments of Error**

**I.   Defendant was denied due process of law when the court, in its journal entry found defendant to be a probation violator but did not orally make such a finding in open court.**

**II.   Defendant was denied due process of law when none of the conditions of probation were orally pronounced at the time of sentencing.**

**III.   Defendant was denied due process of law when the court found defendant to be a probation violator without any sworn evidence.**

**IV.   Defendant was denied due process of law when the court imposed a maximum six month sentence when no such sentence was announced at the time of the original probation.**

**V.   Defendant was denied due process of law when the court imposed a maximum six month sentence without considering the statutory criteria.**