[Cite as *State v. Washington*, 2015-Ohio-305.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 101157 and 101170**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRIAN K. WASHINGTON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-542057-B and CR-10-535298-B

**BEFORE:** McCormack, J., Celebrezze, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   John T. Martin
Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Frank Romeo Zeleznikar
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant Brian Washington appeals the trial court's extension of his community control sanctions. For the reasons that follow, we affirm the decision of the trial court.

**Procedural Facts and Substantive History**

{¶2} On March 18, 2010, Washington was charged along with a codefendant, Clarence K. Harian, with six counts in a seven-count indictment in Cuyahoga C.P. No. CR-10-535298, which included aggravated robbery, kidnapping, theft, possessing a defaced firearm, and having weapons while under disability, along with a forfeiture specification, notices of prior conviction specification, and repeat violent offender specifications. Washington pleaded guilty to theft of a motor vehicle and having a weapon while under disability (felonies of the fourth degree), and the state dismissed the remaining charges.[1] On September 21, 2010, Washington was charged with one count of receiving stolen property (a felony of the fifth degree), along with codefendant Earl Russ, in Cuyahoga C.P. No. CR-10-542057. Washington pleaded guilty to the sole count of the indictment.

{¶3} The court sentenced Washington to 36-months community control, community service, and drug rehabilitation, and it advised Washington that violation of the conditions may result in a prison term.

---

[1] Washington filed a pro se motion to withdraw his guilty plea, which the trial court concluded was not properly before the court in light of his representation by counsel, and it refused to consider the motion. The trial court ultimately denied his motion and proceeded to sentence Washington. Washington appealed the decision of the trial court, and on April 5, 2012, this court affirmed the trial court. *See State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531.

{¶4} On August 24, 2011, the trial court held a violation hearing, during which Washington was found to have violated his community control. The court continued community control with modified conditions.

{¶5} On January 2, 2014, the trial court held a second violation hearing. During this hearing, Washington's probation officer, Victoria Boyd, advised the court that Washington has two violations: (1) a new case in Cleveland Municipal Court for assault (Cleveland M.C. No. 2013 CRB 034080); and (2) he tested positive for cocaine in November 2013. Boyd also stated that Washington's new municipal court case is currently under a continuance due to an ongoing investigation into another matter for which Washington was arrested on December 24, 2013.

{¶6} In response, Washington's counsel provided that Washington "does admit to being a probation violator" and "[h]e does currently have a case in Cleveland Municipal Court." Counsel further stated that he advised his client "not to say much about it in open court here today," but his client acknowledges that there will be a restitution hearing on that case in the near future. When the trial court inquired about the additional case, counsel responded that Washington "admits that he also has been indicted on the second set of facts." Counsel then proceeded to explain that Washington had been sober for two and a half years and then suffered a relapse and began using cocaine again.

{¶7} Following Boyd's recommendation for inpatient drug treatment, the court engaged Washington in a discussion about his drug use. Washington offered that he had been "going through a lot of problems" and he was doing fine until he stopped going to his twelve-step meetings. The court acknowledged that Washington had "done some good stuff[, b]ut [he] went right back to the worst part." The court continued:

The problem is that when you fall off the table, you hit the bottom right away. You don't gradually slide down. You're catching yourself, you fall right to the bottom. You hit hard.

And that's what the drug treatment's supposed to do. Teach you how to stop the fall before you hit bottom again. You recognize those signs that are causing you to do this again, the destructive behavior. That's what the treatment's supposed to do. And you can't forget that stuff.

* * *

The drugs and treatment [are] more important than virtually anything else for you * * *. It takes a long time. It's learned behavior. You have got to break that chain, because you went right back to worse stuff again.

{¶8} The court then found Washington to be in violation of his community control. The court continued community control with prior conditions and it ordered modified conditions of 60 days in the county jail and inpatient drug treatment after the 60 days. The court advised Washington that any future violations will result in prison for 18 months on each of the felonies.

{¶9} On Friday, February 28, 2014, the trial court held another violation hearing. At this hearing, Boyd stated that the alleged violation was that Washington failed to sign an extension waiver to March 3, 2015. Defense counsel stated that Washington's community control sanctions will expire on Monday, March 3, 2014, three days after the hearing, and that Washington had refused to sign the waiver.

{¶10} The court did not address the extension waiver. Rather, it commenced the proceedings with, "[a]nd concerning the plea * * *," and it stated that the previous hearing pertained to Washington testing positive for cocaine in 2013. The court also noted that at the time of the last hearing, Washington was in jail for the investigation of a new offense. It inquired of the status of the new offense. The court was advised that after the hearing in

January, the assault case was dismissed (Cleveland M.C. No. 2013 CRB 034380), but Washington had pleaded guilty to a new theft charge.

{¶11} According to defense counsel, Washington refused to sign the extension waiver because he believed he had been sanctioned at the January hearing for the new offense. Counsel then requested the court "make a final finding whether or not [the plea] is a violation of his current community control." In response, the court stated that "[a]t that time [of the January hearing], there was no disposition. He did not admit whether or not he did this act * * *." The court further stated:

> Again, we're aware of some incidents, but we were not aware of — you didn't admit to your guilt of the incidents giving rise to the [Municipal] Court case.
>
> * * *
>
> [Y]our plea is a different thing than acts that were under investigation at that time."

When Washington asked if the information "sway[ed]" the court's decision at the January violation hearing, the court responded, "It well could have. I could have imposed a greater sentence back then."

{¶12} After hearing from the state and defense counsel, the court found Washington to be in violation of community control and continued the sanctions with modified conditions, including an additional 50 hours of community service and inpatient drug treatment. It further extended community control to February 28, 2016. The court advised Washington that the next violation would result in 18 months prison on each case (Case Nos. CR-10-535298-B and CR-10-542057-B). When Washington expressed frustration over the new sentence, the court

ordered that he attend an anger management class. On March 5, 2014, the court issued its sentencing entry detailing Washington's community control sanctions.

{¶13} Washington appealed the trial court's order of March 5, 2014, extending his community control sanctions, and filed a motion to stay execution of that sentence pending the appeal. On April 24, 2014, the court held a hearing on the motion, during which time defense counsel noted his reasons for moving for a stay of execution. In response, the court explained that its decision at the January hearing did not include a ruling on Washington's theft case because "the court was not going to put him in a position where he would have to admit that conduct in this proceeding when he had his right to silence in the [municipal] court proceeding." The court further stated that it was aware of the pending theft charge but not that it had been resolved.

{¶14} At this hearing, the court also explained that it was initially mistaken regarding the expiration date of Washington's community control during the January hearing and that is why it addressed the extension during the February hearing. The court granted Washington's motion to stay, in part, staying the additional 50 hours of community service. Finally, the court noted that it would consider terminating Washington's community control prior to its expiration, provided Washington can remain "drug-free for an extended period of time * * *, for three or four months" because it was "more interested in [Washington] getting the [drug] treatment" and the anger management.

### Assignments of Error

I. The trial court lacked jurisdiction to extend appellant's period of community control sanctions when his community control sanctions had already expired.

II.   The trial court violated the state and federal prohibitions against double jeopardy when it violated and sanctioned Brian Washington twice for the same conduct.

III.   The trial court abused its discretion and violated Brian Washington's due process rights when it extended his period of community control sanctions by two years because Washington would not voluntarily consent to a one-year extension.

## Law and Analysis

{¶15} Washington contends that the trial court lacked jurisdiction to extend his community control sanctions when those sanctions had already expired.   He argues that, although the hearing during which the extension was ordered was held on February 28, 2014, the court's sentencing entry was issued on March 5, 2014, two days after his original term of community control had expired, and thus, the court had no jurisdiction to order the extension.

{¶16} Under certain circumstances, a trial court may impose a sentence of community control in lieu of a prison term.   *See* R.C. 2929.15.   And a trial court has statutory authority to proceed on alleged community control violations:

> If the court imposing sentence upon an offender sentences the offender to any community control sanction * * *, and if the offender violates any condition of the sanctions, any condition of release under a community control sanction imposed by the court, [or] violates any law, * * * the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court * * *.

R.C. 2929.15(A)(2)(b).

**{¶17}** If the conditions of a community control sanction are violated or the offender violates the law, the sentencing court may order "[a] longer time under the same sanction if the total time under the sanctions does not exceed the [specified] five-year limit," a more restrictive sanction, or a prison term. R.C. 2929.15(B)(1); *see also* R.C. 2951.07 (providing that community control may be extended). A trial court may conduct proceedings on the alleged community control violations "even though they were conducted after the expiration of the term of community control," provided that notice was given and the proceedings were commenced before the expiration. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13; *State ex rel. Angelo v. Carroll*, 8th Dist. Cuyahoga No. 100326, 2013-Ohio-5321, ¶ 7.

**{¶18}** Here, the record shows that Washington's original term of community control was scheduled to expire on March 3, 2014. It is not in dispute that Washington's violation hearing commenced on February 28, 2014, three days prior to the expiration of community control, during which time the court extended community control until February 28, 2016. The court's journal entry, however, was issued on March 5, 2014, two days after Washington's original community control sanction would have expired. Under these circumstances, the court was authorized to extend Washington's community control after its expiration, as long as Washington had notice of the alleged violation. *Hemsley*. The question therefore becomes whether Washington had proper notice of the alleged violation.

**{¶19}** Washington claims that he did not receive written notice of the alleged violation. He also contends that any notice he did receive was insufficient because the probation officer and the trial court offered "conflicting statements of the alleged violation." Washington further contends that the alleged lack of notice was a violation of his procedural due process.

**{¶20}** If the conditions of community control sanctions are violated or the offender violates the law, the sentencing court may punish the offender only if certain procedural rights are observed:

> The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.

Crim.R. 32.3(A); *State v. Harian*, 8th Dist. Cuyahoga No. 97269, 2012-Ohio-2492, ¶ 14.

**{¶21}** An offender is entitled to the minimum due process rights in a probation violation hearing where community control sanctions are revoked:

> 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross- examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 10, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Williams*, 43 Ohio App.3d 184, 540 N.E.2d 300 (8th Dist.1988), paragraph two of the syllabus, *overruled on other grounds, In re Townsend*, 51 Ohio St.3d 136, 554 N.E.2d 1336 (1990) (Before an offender's probation may be revoked, he or she must be given written notice of the alleged probation violation and a preliminary hearing on the charge must be held.).   Where an offender's community control is not revoked, however, written notice of the alleged violation is not required.  *See State v. Rogers*, 8th Dist. Cuyahoga No. 98779, 2013-Ohio-588, ¶ 8.

**{¶22}** This court has held that under certain circumstances, oral notice of the alleged violations may be sufficient:

> [A]lthough the preferred course is for a trial court to give the probationer notice of the claimed probation violations in written form, oral statements that explain the basis of the revocation proceeding may be sufficient where the statements provide adequate notice to probationer and also a record for appellate review of the revocation proceeding.

*Lenard* at ¶ 11, citing *Lakewood v. Sullivan*, 8th Dist. Cuyahoga No. 79382, 2002-Ohio-2134, ¶ 26, *appeal not allowed*, 96 Ohio St.3d 1514, 2002-Ohio-4950, 775 N.E.2d 856, citing *State v. Jordan*, 8th Dist. Cuyahoga No. 73478, 1998 Ohio App. LEXIS 5393 (Nov. 12, 1998). In *Lenard*, we held that where the trial court verbally advised the offender of the claimed violations at the probable cause hearing, the court noted at the revocation hearing the previous conversations it had on the record with the offender, and the offender admitted he was aware of an alleged violation when he was in jail because there was a probation detainer on his bail, the failure to receive a written notice was a "purely formal defect" and he had not demonstrated any negative impact on his ability to prepare a defense to the revocation. *Id.* at ¶ 12.

**{¶23}** Here, Washington was found to have violated his community control sanctions and, rather than revoke community control, the court continued Washington's community control sanctions. He was therefore not entitled to written notice of the alleged violation. *See Rogers*.

**{¶24}** Moreover, we find that Washington received sufficient oral notice of the alleged violation. Although the probation officer identified the alleged violation as a refusal to sign the extension waiver, the court did not address the extension waiver. Rather, the court promptly engaged the probation officer in a discussion concerning Washington's municipal court cases, including "the plea," and inquiring about the status of those cases. The court noted that Washington was in jail at the time of the January hearing for investigation into a new offense.

At that point, the court, the probation officer, and Washington discussed the municipal court cases. The court was advised that since the January hearing, Washington pleaded guilty to a theft charge. Defense counsel indicated that Washington believed he had already been sanctioned for the plea. However, the court explained that at the time of the January hearing, there had been no disposition, or admission of guilt, on the theft charge. Defense counsel then requested that the court make a final finding whether the plea is a violation of his community control. The court explained to Washington that a "plea is a different thing than acts that were under investigation at the time," even though the court "could have imposed a greater sentence" at the earlier hearing.

{¶25} Under the circumstances, despite the purported "conflicting statements" made by the probation officer and the court, we find that Washington received sufficient notice of his community control violation. Washington was aware of the guilty plea that he entered after the January hearing, and the court discussed the plea at length at the hearing, prior to finding Washington in violation. *See Rogers*, 8th Dist. Cuyahoga No. 98779, 2013-Ohio-588, at ¶ 9 (finding sufficient notice where the trial court discussed the grounds for finding the defendant violated the terms of his community control).

{¶26} As a result of the proper notice of the community control violation, the trial court had jurisdiction to extend Washington's community control. Further, because Washington had sufficient notice of the violation, his procedural due process rights were not violated.

{¶27} Washington also claims that his substantive due process rights were violated. He argues that the trial court found him in violation of community control because he refused to voluntarily consent to a one-year extension and his "punishment" was a two-year extension ordered at the hearing. We find no merit to this argument.

**{¶28}** "'The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court.'" *State v. Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 13, quoting *State v. Schlecht*, 2d Dist. Champaign No. 2003-CA-3, 2003-Ohio-5336, ¶ 7. We therefore review the trial court's decision whether to revoke an offender's community control for an abuse of discretion. *Id.*, citing *State v. Brown*, 2d Dist. Montgomery No. 22467, 2008-Ohio-4920, ¶ 9. The court's decision is an abuse of discretion if no sound reasoning process supports the decision. *Id.*

**{¶29}** R.C. 2951.07 provides that "[a] community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended." It is therefore within the discretion of the trial court whether to extend the period of probation in accordance with the authority granted under R.C. 2951.07. *State v. Tresville*, 8th Dist. Cuyahoga No. 33625, 1975 Ohio App. LEXIS 6602 (Feb. 6, 1975); *State v. Weston*, 10th Dist. Franklin No. 12AP-607, 2013-Ohio-2426, ¶ 6. While a trial court has discretion to extend probation, it must "have a rational basis for doing so." *State v. Rose*, 8th Dist. Cuyahoga No. 70984, 1997 Ohio App. LEXIS 1072 (Mar. 20, 1997).

**{¶30}** Here, although the probation officer addressed the alleged violation as Washington's failure to agree to an extension of his community control, the record demonstrates that the trial court did not acknowledge Washington's purported refusal to agree to the extension. Rather, the trial court engaged in a discussion concerning Washington's guilty plea, and resultant conviction, for the theft offense in the municipal court case. The court explained that although he was aware of the new offense at the prior violation hearing, it did not have the benefit of a resolution of the matter, namely that Washington, after January's hearing, pleaded

guilty to the theft charge. Following this discussion, the court found Washington to be in violation of his community control and extended the sanction until February 28, 2016.

{¶31} In light of the above, we find that the trial court was entirely within its discretion to extend Washington's community control pursuant to its authority under R.C. 2951.07, and it provided a rational basis for the extension — Washington's new conviction. This new conviction, standing alone, would serve as a basis to revoke his community control. *See Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 14; *State v. Louden*, 2d Dist. Champaign Nos. 2013 CA 30 and 2013 CA 31, 2014-Ohio-3059, ¶ 13 (guilty plea on a new offense resulting in a conviction is a basis for revocation). And rather than revoke Washington's community control, the court continued the sanctions, while noting that it would consider terminating his community control early if Washington remained drug-free. Moreover, Washington has failed to demonstrate that the trial court's actions were vindictive. *See State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711, ¶ 14 (where the defendant did not demonstrate undue bias, hostility, or absence of neutrality, the trial court did not violate defendant's due process in a community control violation hearing). We therefore find that the trial court did not violate Washington's substantive due process.

{¶32} Finally, Washington claims that the trial court violated the state and federal prohibitions against double jeopardy when it sanctioned him twice for the same conduct. Specifically, he argues that the court found him in violation for his municipal court cases at the January hearing as well as the February hearing.

{¶33} The Double Jeopardy Clause of the state and federal constitutions provides that no person shall be subject to multiple punishments for the same offense. *State v. Edwards*, 8th Dist. Cuyahoga Nos. 94568 and 94929, 2011-Ohio-95, ¶ 17. The Double Jeopardy Clause also

prevents a trial court from modifying a sentence after execution of that sentence has commenced. *State v. Hooks*, 128 Ohio App.3d 750, 716 N.E.2d 778 (8th Dist.1998) citing *Columbus v. Messer*, 7 Ohio App.3d 266, 268, 455 N.E.2d 519 (10th Dist.1982). "It is well-established that once execution of sentence has begun, the trial court may not amend the sentence to increase the punishment." *Id.* In the context of community control, the court may not modify the terms of a defendant's community control unless the defendant has violated the original probationary conditions. *Id.*; *see* R.C. 2929.15(B).

{¶34} Here, at the January hearing, Boyd, the probation officer, advised the court that Washington tested positive for cocaine and he picked up two new cases in municipal court. Boyd stated that one case was continued and the other case involved a new arrest and was it under investigation. Washington admitted to being a probation violator and admitted that he "has a case" in municipal court and that "he also has been indicted on the second set of facts." Defense counsel, however, indicated that he advised his client not to speak about the pending cases at the violation hearing, and at no time did the court inquire into the facts of the new cases. The court then proceeded to exclusively discuss Washington's drug problem and, thereafter, found him to be in violation of his community control sanctions.

{¶35} At the February violation hearing, the court noted that at the time of the January hearing, Washington was in jail for the investigation of a new offense, and the court subsequently inquired of the status of that offense. At this time, the court was advised that Washington pleaded guilty to the theft charge that was under investigation at the time of the January violation hearing. The court noted that, although it was aware of "some incidents" in January, there was no disposition at that time and a "plea is a different thing than acts that were under investigation." The court further noted that Washington had not admitted his guilt of those

incidents giving rise to the municipal court case at the January hearing. Thereafter, the court proceeded to find Washington to be in violation of his original community control for his guilty plea and conviction, and it extended his community control sanctions.

{¶36} Courts have repeatedly determined that merely being charged with a crime is not sufficient to establish a probation violation. *See, e.g., Toledo v. Nova,* 6th Dist. Lucas No. L-12-1229, 2013-Ohio-1094; *State v. Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765, 900 N.E.2d 1089, ¶ 42 (2d Dist.) (stating that the fact that a criminal charge was filed, by itself, is not sufficient to prove that the defendant committed the criminal act); *State v. Craig*, 130 Ohio App.3d 639, 642, 720 N.E.2d 966 (1st Dist.1998) (stating that the mere fact of an arrest cannot constitute a violation of community control sanctions); *State v. Kidwell*, 10th Dist. Franklin No. 94APA06-883, 1995 Ohio App. LEXIS 564 (Feb. 16, 1995) (revocation of probation predicated solely upon arrest, without additional evidence, is reversible error); *State v. Moine*, 72 Ohio App.3d 584, 589, 595 N.E.2d 524 (9th Dist.1991) (stating that an arrest does not constitute a violation of probation). Rather, the violation must be based on some inquiry into the facts supporting the charge, or some examination into the evidence underlying the offender's arrest. *Toledo* at ¶ 7, citing *Craig* at 642.

{¶37} In light of the above, we find that Washington was found to be in violation of his community control on two separate occasions for two distinct violations: (1) in January, the court found Washington in violation for the positive cocaine test and modified his community control accordingly; and (2) in February, the court found him in violation for his new conviction on the theft charge that was under investigation at the time of the January hearing, and as a result, it extended his community control until 2016. We therefore find the sanctions imposed did not violate double jeopardy.

**{¶38}** Washington's assignments of error are overruled.

**{¶39}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
EILEEN T. GALLAGHER, J., CONCUR