[Cite as *State v. Rieves*, 2025-Ohio-2523.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

                                 No. 114428

    v.                          :

SEAN K. RIEVES,                          :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 17, 2025

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-16-608473-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Erin Stone, Assistant Prosecuting Attorney, *for appellee*.

Charles Ruiz-Bueno Co., L.P.A., and J. Charles Ruiz-Bueno, *for appellant*.

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Sean Rieves ("Rieves") appeals the trial court's decision finding him in violation of his community-control sanctions.[1] We affirm.

{¶2} On December 13, 2016, Rieves pleaded no contest to a nine-count indictment and was found guilty by the trial court on all nine counts, including: four counts of trafficking, three counts of drug possession, one count of having weapons while under disability, and one count of possession of criminal tools. The trafficking and drug-possession counts contained one-year firearm, forfeiture, and juvenile specifications. The counts for having weapons while under disability and possession of criminal tools contained forfeiture specifications.

{¶3} On December 15, 2016, Rieves and the State agreed that three of the trafficking counts and three of the drug possession counts merged for the purposes of sentencing. The State elected to sentence on three of the trafficking counts. Rieves was sentenced to a total of 12 years in prison. Additionally, he was sentenced to five years' mandatory postrelease control on the first-degree trafficking count; three years' mandatory postrelease control on the second-degree trafficking counts; and up to three years' postrelease control on the counts for fourth-degree trafficking, third-degree having weapons while under disability, and fifth-degree possessing criminal tools. Rieves was advised that when postrelease control supervision is imposed following his release from prison, if he violates the

[1] Probation and community control are used interchangeably throughout the opinion in the same way as the record in this case.

supervision or conditions of postrelease control, the parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed.

## I. Facts and Procedural History

{¶4} After Rieves was sentenced, he filed a pro se appeal in this court. That same day, Rieves filed a motion for an appointment of counsel, which was granted, and his counsel filed an appeal. On January 23, 2017, this court sua sponte dismissed Rieves's pro se appeal because it was a duplicate appeal. On March 15, 2018, this court affirmed his convictions and sentences in *State v. Rieves*, 2018-Ohio-955 (8th Dist.).

{¶5} On June 2, 2023, Rieves filed a pro se motion for judicial release. On June 27, 2023, the trial court held a hearing and granted Rieves's motion. Rieves was placed on one year of community control. Rieves was ordered to submit to regular drug testing and to find employment.

{¶6} After a drug test, Rieves tested positive for cocaine, and the trial court set a community-control-violation hearing. On October 26, 2023, Rieves was found to be in violation of his community-control sanctions. However, the trial court allowed Rieves to remain on community control but also sentenced him to perform 18 hours of community service.

{¶7} In June 2024, Rieves's probation officer received a call informing her that Rieves was charged in two separate domestic violence cases in Ashtabula

County on April 21, 2024, and June 16, 2024.  Rieves's community control was scheduled to end on June 27, 2024.  Rieves was contacted by his probation officer, and Rieves signed a waiver to extend probation until September 28, 2024.

**{¶8}** On July 25, 2024, the trial court held Rieves's probation-violation hearing where the following was stated:

| | |
|---|---|
| The Court: | State versus Sean Rieves. Mr. Rieves is here on case 608473. He's here. He's granted judicial release a year ago on June 28th, 2023, for drug trafficking and drug possession charges. He was placed on one year of community control and he is here for a violation hearing. He's here with his probation officer. . . .  Apparently he has been arrested, I believe now charged, in Ashtabula County. [Probation Officer], do you have a waiver? |
| Probation Officer: | Yes, I do, Your Honor.  May I approach? |
| The Court: | You may. The alleged violations are two cases in Ashtabula County, domestic violent cases dating from April 21, 2024, and June 16th, 2024. [Probation Officer], what else should the court be aware of? |
| Probation Officer: | Just that Mr. Rieves, he was set to expire on June 28th, but due to the phone call that I received in regards to these offenses he did sign a waiver extending his probation three months until September 28th, 2024, until we could get a hearing before Your Honor and settle these matters.  He did sign that waiver on June 20th.  As the report said, he has been working with Union Local 310 at various sites.  He was here before for one violation hearing back, I believe, in October of — October of '23 for a positive cocaine. But he has tested negative since then. And that is pretty much it, Your Honor. |

Tr. 3-4.

**{¶9}** During the hearing, Rieves's counsel stated to the court:

Your Honor, at this time Mr. Rieves is taking — he signed a probable cause waiver. He's taken responsibility for his probation violation. I don't want to get into the facts too much of the case that's pending, but ultimately there are two domestic violence cases that are both misdemeanors out of Ashtabula County. Those both involve his current wife. He married her while he was in prison.

Tr. 5.

**{¶10}** Rieves was also given the opportunity to address the court and stated:

So I can tell you from these — so I never knew, first off, that I couldn't leave the county. Now we never really did meet each other. I always had a place when I was here. I had a place here in Shaker. I lived there. I will go there. We do have a child together from when I came home. My daughter is like five months right now. So — but when it comes to this case and this whole situation, it came from she was getting drunk, she was obnoxious drunk [sic]. And I don't drink at all. And my daughter was there the day that all this happened because she was working out there at the time. She was there. I never even got out of my car. I'm going to take responsibility for the argument. But for the fighting, back and forth, verbal like on the phone. But as far as like the things in the case where I bust the window, police said I never did that.

Tr. 7.

**{¶11}** Rieves's counsel further explained to the court:

Your Honor, ultimately there's probable cause for this violation. He acknowledges that. He is a probation violator. He acknowledges that. The facts, the underlying facts of those two domestic violence cases still need to be worked out in Ashtabula court. The absolute bottom line is that was a contentious relationship. He is no longer residing there. He is working. He's paying his child support. He's doing the things that he needs to do. He's not with . . . .

Tr. 8.

{¶12} The trial court found Rieves to be a probation violator, stating, "Mr. Rieves, I find you to be in violation of the terms of your community control. I'm going to terminate your community control and order you remanded to serve the remainder of the original sentence. I'll give you credit for time served." Tr. 8.

{¶13} On November 27, 2024, the Ashtabula County Municipal Court filed bindover paperwork to the Ashtabula County Common Pleas Court on Rieves's domestic violence cases. The case is still pending as of this writing.

{¶14} Rieves filed a pro se notice of appeal but later filed an additional appeal after being represented by counsel. His pro se appeal and arguments are dismissed because we do not recognize a hybrid representation. *See State v. Pollard*, 2021-Ohio-2520, ¶ 12 (8th Dist.), quoting *State v. Pierce*, 2019-Ohio-3762, ¶ 9 (8th Dist.) (When an appellant is represented by counsel, we will not consider any pro se motions or appeals.).

{¶15} Rieves assigns one error for our review:

Plain error occurred where the trial court found appellant a probation violator, remanding appellant prior to an adjudication of guilty for the supposed, violating criminal cases.

## II.  Standard of Review

{¶16} "'We review a trial court's decision to terminate a defendant's community-control sanctions for an abuse of discretion.'" *State v. Hinzman*,

2024-Ohio-2452, ¶ 22 (8th Dist.), quoting *State v. Malfregeot*, 2024-Ohio-257, ¶ 6 (8th Dist.), citing *State v. Kusinko*, 2023-Ohio-4545, ¶ 9 (8th Dist.). "An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *Malfregeot*, citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

### III.   Law and Analysis

**{¶17}** Rieves argues that the trial court committed plain error when it found him a probation violator prior to an adjudication of guilt for the domestic violence cases. "'Courts have repeatedly determined that merely being charged with a crime is insufficient to establish a probation violation.'" *State v. Byas*, 2021-Ohio-3924, ¶ 40 (8th Dist.), quoting *State v. Washington*, 2015-Ohio-305, ¶ 36 (8th Dist.). *See, e.g., Toledo v. Nova*, 2013-Ohio-1094 (6th Dist.); *State v. Wagner*, 2008-Ohio-5765, ¶ 42 (2d Dist.) (stating that the fact that a criminal charge was filed, by itself, is insufficient to prove that the defendant committed the criminal act); *State v. Craig*, 130 Ohio App.3d 639, 642 (1st Dist. 1998) (stating that the mere fact of an arrest cannot constitute a violation of community-control sanctions); *State v. Kidwell*, 1995 Ohio App. LEXIS 564 (10th Dist. 1995) (revocation of probation predicated solely upon arrest, without additional evidence, is reversible error); *State v. Moine*, 72 Ohio App.3d 584, 589 (9th Dist. 1991) (stating that an arrest

does not constitute a violation of probation). "'Rather, the violation must be based on some inquiry into the facts supporting the charge, or some examination into the evidence underlying the offender's arrest.'" *Byas,* quoting *Washington,* citing *Toledo* at ¶ 7.

{¶18} Rieves, however, signed a probable-cause waiver, thus waiving his right to a probable-cause hearing, where the trial court was required to make inquiry into the facts supporting the charges for domestic violence. *See State v. Thomas*, 2001-Ohio-4061, ¶ 5 (8th Dist.) (Because appellant waived his right to a probable-cause hearing, he waived any assignments of error that pertain to the deficiencies of the trial court determining probable cause.).

{¶19} Further, "a trial court can revoke probation without a criminal conviction so long as the court finds that a probation violation has occurred." *State v. Grove*, 2016-Ohio-4818, ¶ 11 (7th Dist.), citing *State v. Bickel*, 77 Ohio App.3d 26, 31 (10th Dist. 1991). "Pursuant to Crim.R. 32.3(A), '[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.'" *Id*. at ¶ 14.

{¶20} In other words, "the court must hold 'two hearings, one a preliminary hearing at the time of [the defendant's] arrest and detention to determine whether there is probable cause to believe that' the defendant violated community control." *State v. Theisen*, 2023-Ohio-2412, ¶ 33 (4th Dist.), quoting *Gagnon v. Scarpelli*,

411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 485. "The purposes of this probable-cause hearing are 'to prevent the incarceration of a [community-control violator] without probable cause and to allow independent review of the charges against him while information is fresh and sources are available.'" *Id*., quoting *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). "Probable cause generally equates to a 'fair probability' that the defendant violated community control." *Id*., citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

{¶21} "The second 'hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation.'" *Id.* at ¶ 34, quoting *Morrissey*, 408 U.S. at 488. "The second hearing is not a criminal trial, however." (Cleaned up.) *Id*., citing *State v. Wolfson*, 2004-Ohio-2750, ¶ 7 (4th Dist.). "Thus, the state need not establish, beyond a reasonable doubt, that the defendant violated a community-control condition." *Id.* "Instead, after the probable-cause determination, the state need only present 'substantial' proof that a defendant violated the community-control conditions." *Id*., citing *State v. Hylton*, 75 Ohio App.3d 778, 782 (4th Dist. 1991). "Accordingly, this court has applied the 'some competent, credible evidence' standard to determine whether the evidence supports a court's finding that a defendant violated community-control sanctions." *Id*., citing *Wolfson* at ¶ 7. "We have stated that this standard of review is 'highly deferential' and similar to a preponderance-of-the-evidence

burden of proof." *Id.*, citing *In re C.M.C.*, 2009-Ohio-4223, ¶ 17 (4th Dist.). "'[A] preponderance of evidence means the greater weight of evidence. * * * The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium.'" (Cleaned up.) *Id.*, quoting *State v. Nicholas*, 2022-Ohio-4276, ¶ 29.

{¶22} Here, Rieves waived his right to a probable-cause hearing. Rieves was present when the trial court conducted a community-control-revocation hearing. The court informed Rieves of the alleged community-control violations and heard testimony from Rieves's probation officer and Rieves. Additionally, Rieves's counsel was aware that the two Ashtabula cases had not been adjudicated when he stated, "Your Honor, ultimately there's probable cause for this violation. He acknowledges that. He is a probation violator. He acknowledges that." Tr. 8.

{¶23} The trial court explained its decision to find Rieves a probation violator, stating: "I just gave your client the benefit of the doubt if he's charged once. But he's been charged twice, two separate incidents." Tr. 8. Upon Rieves's admission to being a probation violator and waiving his probable-cause hearing, the trial court did not have to consider the adjudication of his pending cases. We find that competent, credible evidence existed when the trial court found that Rieves violated his community-control conditions. Therefore, we determine that the trial court did not abuse its discretion when it terminated Rieves's community-

control sanctions, found him to be a violator, and remanded him to serve the remainder of his original sentence.

**{¶24}** Therefore, Rieves's assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR